NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL McCORD,<br><br>        **Plaintiff,**<br><br>v.<br><br>GARDA CL ATLANTIC, INC., a/k/a GARDA WORLD and/or GARDA CASH LOGISTICS, a corporation or business orgaization, and JOSE ARROYO, Individually and/or as servant, agent or employee of GARDA CL, ATLANTIC, INC., a/k/a GARDA WORLD and/or GARDA CASH LOGISTICS,<br><br>        **Defendants.** | Civil Action No. 17-1311 (WJM)<br><br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 4.] The motion is opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

# BACKGROUND

This is a state law whistleblower case removed to this Court on grounds of diversity jurisdiction. Plaintiff Paul McCord is a citizen of New Jersey. (Compl.) Defendant Garda CL Atlantic, Inc. ("Garda" or "Defendant") is a Delaware corporation with its principal place of business in Delaware. (Notice of Removal, ¶ 8.) Defendant Jose Arroyo ("Arroyo") is a resident of New Jersey. (Notice of Removal, ¶ 10.)

Plaintiff began employment with Garda as an armed guard in 2004. (Compl. ¶ 1.) According to Plaintiff, Arroyo was employed by Garda as Plaintiff's manager and had authority to make personnel decisions and to control the workplace environment. (Compl. ¶ 3.) Plaintiff claims that Garda and Arroyo engaged in a pattern of conduct which Plaintiff believed was illegal, violated company policy and/or endangered the public welfare. (Compl. ¶¶ 5-6.) Among other things, Plaintiff alleges that Garda through its agents, deprived armed guards the ability to count money they delivered to Garda in order to reconcile it with amounts that had been picked up from Garda's clients, falsified handgun qualification certifications for its armed guards, and failed to maintain their armored trucks in a safe operating condition in accordance with federal regulations. (Compl. ¶¶ 20, 32 and 58.) Plaintiff alleges that during a police investigation of a theft of cash from Garda, Plaintiff disclosed Garda's alleged wrongful actions to the investigating authorities. (Compl. ¶¶ 5-6.) Plaintiff claims that subsequently Garda, through its agents and servants, including Arroyo, specifically retaliated against him for making the disclosure. Specially, Plaintiff alleges that Plaintiff was suspended without pay, and

ultimately, after working at Garda for 12 years, was terminated on June 25, 2016. (Compl. ¶¶ 8-9.)

On January 10, 2017, Plaintiff filed a five-count Complaint in the New Jersey Superior Court against Garda and Arroyo alleging retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 et seq. On January 31, 2017, Plaintiff served the Summons and Complaint on Garda. (Certification of Edward F. Szep, Esq. dated April 5, 2017, ("Szep Certif.") ¶ 3, Ex. A.) While disputed by Garda, it appears that Arroyo was also served the same day. (Szep Certif. ¶ 3, Ex. B.)

On February 24, 2017, Garda removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on grounds of diversity jurisdiction. Notwithstanding the fact that both Plaintiff and Arroyo are residents of New Jersey, Garda contends in its Notice of Removal that diversity exists because Arroyo was fraudulently joined solely for the purpose of defeating diversity. (Notice of Removal ¶ 10.) On March 23, 2017, Plaintiff moved to remand this case on two grounds. First, Plaintiff maintains that Garda failed to comply with the procedural requirements for removal. Specifically, Plaintiff contends that removal was defective because Garda failed to obtain Arroyo's consent to removal as required by 28 U.S.C. § 1446 (b)(2)(A).[1] Second, Plaintiff maintains that the parties are not diverse. Rejecting Garda's contention that Arroyo is a sham defendant joined to destroy diversity, Plaintiff argues that he has asserted a viable retaliation claim

---

[1]28 U.S.C. § 1446(b)(2)(A) provides in part: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

against Arroyo which rebuts any claim of fraudulent joinder.  Thus, Plaintiff maintains

that because he and Arroyo are both citizens of the same state, the Court lacks subject

matter jurisdiction and the case should be remanded.

Garda opposes the motion arguing that Arroyo's consent to removal was not

required because Arroyo had not yet been served with a copy of the Complaint at the time

of removal.  Maintaining that Arroyo was fraudulently joined, Garda contends that there

are no factual allegations in the Complaint which assert that Arroyo was in any way

involved in Plaintiff's termination, that Plaintiff's claims of retaliation are insufficient to

establish that Arroyo was involved in any adverse employment action taken against

Plaintiff, and that therefore Arroyo was named a defendant for the sole purpose of

defeating diversity.

## DISCUSSION

### A.  Removal Standard

The federal removal statute provides that "[e]xcept as otherwise provided by

Congress, any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed ... to the district court of the

United States for the district and division embracing the place where such action is

pending."  28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal

case bears the burden of showing, at all stages of the litigation, that the case is properly

before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Where diversity jurisdiction is grounds for removal under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity between the parties. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1994)(stating that federal diversity jurisdiction is present "only if there is no plaintiff and no defendant who are citizens of the same state"). If a non-diverse defendant is in the case, the removing party "may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). The removing party carries a "heavy burden of persuasion." Id. at 851. Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

## B. **Diversity Jurisdiction**

Plaintiff alleges only state law causes of action and therefore diversity is the only basis for jurisdiction in this case. Plaintiff is a citizen of New Jersey. Defendant Arroyo is a citizen of New Jersey. This case can remain in federal court only if Garda can demonstrate that the New Jersey defendant, Arroyo, was fraudulently joined for purposes of destroying diversity jurisdiction. See Batoff, 977 F.2d at 851; Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

### 1. **Fraudulent Joinder Standard**

The burden of establishing fraudulent joinder is heavy. Batoff, 977 F.2d at 851. In conducting a fraudulent joinder analysis, all factual allegations in the complaint are assumed to be true. Steel Valley Auth. v. Union Signal & Switch Div., 809 F.2d 1006,

1010 (3d Cir. 1987). The court must resolve all contested factual issues and any

uncertainties in the law in favor of the plaintiff. Batoff, 977 F.2d at 852. Joinder is

considered fraudulent only when "there is no reasonable basis in fact or colorable ground

supporting the claim" in dispute. Id. at 851. For a claim to lack a colorable basis, "it

must be wholly insubstantial and frivolous." Id. at 852.

In conducting its analysis, a court may look beyond the pleadings "to identify

indicia of fraudulent joinder." In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006). However,

fraudulent joinder is not meant to substitute for a merits analysis. See id. at 219

(quotation omitted)("court must not step 'from the threshold jurisdictional issue into a

decision on the merits'"). Indeed, "the inquiry into the validity of the complaint triggered

by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when

a party makes a claim of fraudulent joinder." Batoff, 977 F.2d at 852. Accordingly, "[i]f

there is '*even a possibility*' that a state court would find that the complaint states a cause

of action . . . the federal court must find that joinder was proper and remand the case to

state court." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)(quotation

omitted, emphasis added)

## 2. Analysis

It is Garda's burden to demonstrate that the case is properly before the Court. See

Frederico, 507 F.3d at 193. If Garda cannot establish that Arroyo was intentionally and

fraudulently joined for the purpose of destroying diversity, the case must be remanded.

See Miloseska v. Liberty Travel, Inc., No. 12-6108, 2013 WL 178065, at *2 (D.N.J. Jan.

16, 2013)(where the court finds that a non-diverse party was not fraudulently joined, the court lacks subject matter jurisdiction and must remand the case). As will be explained below, Garda has failed to carry this heavy burden, and the Court does not have jurisdiction over this case.

The doctrine of fraudulent joinder is intended to address patently frivolous claims. See In re Briscoe, 448 F.3d at 223-24. The joinder of Arroyo is not patently frivolous. The Complaint alleges that Plaintiff complained to his manager, Arroyo, about Garda falsifying handgun qualification certifications for its armed guards and failing to maintain its armored trucks in a safe operating condition in compliance with federal regulations. (Compl. ¶¶ 33, 59.) It further alleges that Garda, through its agents and employees, including Arroyo, "acted in a retaliatory manner towards Plaintiff" which included suspending Plaintiff without pay and terminating his employment for his whistleblowing. (Compl. ¶ 8.) Plaintiff also submitted a certification which factually supplements the alleged wrongdoing pled in the Complaint. The certification detailed additional incidents of retaliation against Plaintiff allegedly perpetrated by Arroyo, including threatening Plaintiff with the loss of his job for complaining about the condition of his armored truck, ridiculing Plaintiff in the presence of his co-workers, and failing to accommodate Plaintiff's light duty status. (Certification of Paul McCord ¶ 10.)

The thrust of Garda's argument in support of its claim of fraudulent joinder is that Plaintiff's Complaint does not allege enough specific facts to support each cause of action against Arroyo. Garda contends that Plaintiff's allegation that Arroyo "acted in a

retaliatory manner" towards him is conclusory, that the Complaint fails to allege that

Arroyo had any involvement in Plaintiff's termination, and that "the evidence is clear that

[ ] Arroyo had no involvement in Plaintiff's termination." (Notice of Removal, ¶ 15.)

Basically, Garda implicitly contends that the Complaint has not been pleaded with

adequate specificity to survive an Iqbal/Twombly[2] Rule 12(b)(6) motion to dismiss. First,

that contention is questionable at best, and if found to be true, could be remedied by

amendment. Second, and more importantly, such a determination is not appropriate on a

motion for fraudulent joinder. See Pinnacle Choice, Inc., et al. v. Silverstein et al., No.

07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008)(a detailed examination of

Plaintiff's claim is not proper as such "a micro-view of the pleadings ... is excessive in the

context of fraudulent joinder").

     Garda concedes that an individual may be held liable under CEPA if a plaintiff

demonstrates that an individual took some adverse action against him. Reading

Plaintiff's allegations narrowly and arguably out of context, Garda asserts that the

Complaint is devoid of any allegations that Arroyo acted adversely towards Plaintiff.

(Def.'s Br. at 3.) Essentially, Garda argues that the Complaint lacks sufficient facts to

overcome what would otherwise be bars to Plaintiff's recovery. But that is not true.

While the allegations may not be very specific, the Complaint is replete with allegations

---

[2]Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (finding that pleading offering only "labels and conclusions" or "a "formulaic recitation of the elements of a cause of action will not do").

of retaliation by Arroyo. For instance, irrespective of whether Plaintiff can ultimately

prevail on his claim, Plaintiff alleges that Arroyo suspended Plaintiff without pay and

ultimately participated in his termination. (Compl. ¶ 8.) More specifically, Plaintiff

asserts that "the suspension and termination of Plaintiff's employment by . . . Arroyo,

were in connection with and in retaliation for the Plaintiff disclosing" arguably alleged

incriminating information to the authorities in connection with a criminal investigation.

(Compl. ¶ 10.) Further, Plaintiff alleges that he complained to Arroyo about Garda

falsifying handgun qualification certifications, an action he reasonably believed was

illegal and which he alleges was a cause for his termination. (Compl. ¶ 33.)

By arguing that Plaintiff failed to plead facts which may give rise to CEPA

liability, Garda is presenting to the Court a merits analysis that is more appropriately

reserved for a Rule 12(b)(6) motion to dismiss or for summary judgment. Plaintiff's

claims are in no way patently frivolous on their face. Rather, here, liability may rise and

fall on facts developed during discovery, including Arroyo's role, if any, in the alleged

retaliation and termination against Plaintiff. Such an inquiry is well beyond the scope of

review for fraudulent joinder. See Miloseska, No. 12-6108, 2012 WL 6771978 at *4, n.

4 (D.N.J. Dec. 20, 2012) (citing Briscoe, 448 F.3d at 217-18).

The Court concludes that Plaintiff acted reasonably by naming Arroyo as a

defendant who may be liable to plaintiff under CEPA. See Romeo v. JC Penney, No. 11-

3727, 2011 WL 5513203 (D.N.J. Nov. 10, 2011). It is quite possible that a state court

would find that the complaint states causes of action upon which relief can be granted.

That issue, however, is not before the Court now. Thus, the Court concludes that in light of the allegations set forth in the Complaint, the claims asserted against Arroyo are not wholly insubstantial or frivolous so as to conclude that he was fraudulently joined to defeat diversity. See Batoff, 977 F.2d at 851.

## C. Decision

The Court finds that Plaintiff has raised "colorable" claims against Arroyo. Garda has not carried its heavy burden of demonstrating that Arroyo has been fraudulently joined and therefore the Court does not have diversity jurisdiction over this case.[3]

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand be granted.[4]

---

[3]Section 1446 outlines the procedures for removal. When a civil action is removed solely under section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A district court may remand a case for a defect in the removal procedure. See Lee, 2010 WL 2869454, *1 (citing PAS v. Travelers Ins.Co., 7 F.3d 349, 352 (3d Cir. 1993)). Because the Court has determined that it does not have jurisdiction, it need not address the parties' arguments regarding whether Garda complied with the procedural requirements for removal.

[4]Plaintiff also seeks attorneys' fees and costs. 28 U.S.C. § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).
Here, Plaintiff has not demonstrated that Garda lacked an objectively reasonable basis for seeking removal. Although the Court agrees that jurisdiction is lacking, the Court is unable to conclude on this record that the removal was frivolous. Therefore, the Court declines to recommend an award of costs and fees.

s/Mark Falk
　　　　　　　　　　　　　　　　**MARK FALK**
**Dated: August 17, 2017**　　　**United States Magistrate Judge**